Mr. Justice Olin
delivered the opinion of the court:
This case comes up on an appeal from a decree of the Equity Court. The cause was heard on the pleadings and proofs, and the bill was dismissed with costs. The facts disclosed by the pleadings and proofs are substantially as follows:
The Americau Life Insurance and Trust Company, one of the defendants, issued a policy of insurance on the life of the decedent, Robert C. Page, for the sum of $3,000, the policy bearing date November 26, 1866.
It would seem from the proofs that on the 30th of September, 1868, Robert C. Page borrowed from the defendant Burnstine the sum of $300, and, to secure the repayment of that amount, he executed and delivered to Burnstine an instrument in writing by which he assigned to Burnstine an interest in the policy of insurance to the extent of the loan; and that he next borrowed from Burnstine, on the 1st of May, 1871, the sum of $437, and again, on the 1st of December, 1871, he borrowed the further sum of $213. For each of these loans he executed and delivered to Burnstine an instrument in writing securing to Burnstine an interest in the policy of insurance to the extent of the loans made. Each of these assignments was approved by the insurance company.
After the last loan in December, 1871, Page, the insured, stopped paying the premiums and never thereafter paid anything. The agent of the company notified Burnstine that Page had not paid the premiums, and that the policy would *203 be worthless as a security unless the premiums should be paid up regularly.
On the 7th of January, 1873, Burnstine and Page met at the office of Mr. Cross, the agent of the company, and Page then signed and sealed an absolute transfer of the policy to Burnstine. This assignment was on the back of the policy, and was approved by the company. The policy, together with the assignment, was delivered by Page to Burnstine. After that the agent of the company sent the notices of premiums falling due to Burnstine only, and treated him as the owner of the policy. At the time of the meeting of the parties at the agent’s office, on the 7th of January, 1873, the agent of the company told Burnstine that, to save himself, he should have the policy assigned absolutely to him, Mr. Page stating that he had no money and could not keep up the premiums, and was willing to make this assignment.
The transaction, as evidenced by the written papers and the testimony of the insurance company’s agent, Cross, is perhaps about all the competent evidence given in the case. Burnstine appears, and was sworn as a witness not called by the other party; was certainly not a competent witness in the case; and the same may be said of the loose memorandums and writings said to be found in the desk of the decedent, Page, after his death. They were wholly incompetent, and the case must stand upon the written agreement between the parties, and it is simply this:
Page, the decedent, makes several loans of money from Burnstine, and, as security for the repayment of those loans made, assigns an interest in a policy of insurance on his life. Prior to Jauuary 7,1873, Page, being unable or unwilling to longer pay the premiums on the policy of insurance, made an absolute assignment of that policy to Burnstine, who continued thereafter to pay the premiums upon it until the death of Page.
It is claimed in this case that the absolute assignment of this policy was intended by the parties to be a security for whatever moneys Burnstine had loaned or paid to Page, and *204 further, if it was intended by the parties to be an absolute transfer, still a court of equity might decree it to be a mere security for the amount of the loan and the consideration paid for the transfer, upon the ground that Page was a debtor at the time of the transfer and in needy and destitute circumstances; and second, JBurnstine was a Jew and a pawnbroker. Put we think that all the testimony given in this case — most of which, as we before observed, independent of the written testimony — is by no means sufficient to set aside instruments in writing executed in the most solemn manner in which contracts can be made.
The judgment of the special term must be affirmed.